UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTA CURTEAN, | ) |
| | ) |
| Plaintiff, | ) Case No. 05 C 0292 |
| | ) |
| v. | ) Judge Suzanne B. Conlon |
| | ) Magistrate Judge Geraldine Soat Brown |
| FEDERAL MORTGAGE, INC., d/b/a | ) |
| WELCOME HOME LOANS, et al., | ) |
| | ) |
| Defendants. | ) |

To: The Honorable Suzanne Conlon
United States District Court Judge

## REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

Plaintiff Marta Curtean ("Curtean") filed an action against Defendants Federal Mortgage Inc., d/b/a Welcome Home Loans, *et al.* ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), Illinois Wage Payment and Collection Act, and Illinois Minimum Wage Law. [Dkt 1.] On February 18, 2005, Defendants filed a Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 68. (Defs.' Mot. Entry Judgment.) [Dkt 11.] Attached as an exhibit to that motion was a letter sent by Curtean's counsel to Defendants' counsel accepting Defendants' offer of judgment and stating that Curtean had incurred $3,918.71 in attorney's fees and costs. (*Id.*, Ex. C.) On February 23, 2005, the district court entered an order granting Defendants' motion for entry of judgment, and referring the case to this court for a report and recommendation on the issue of reasonable attorneys' fees to which Curtean is entitled. [Dkt 13, 14.] On February 25, 2005, this court ordered Curtean's counsel to file and serve a statement supporting Curtean's request for $3,918.71 in attorney's fees,

including all of the information and records required by L.R. 54.3(d)(1), (2), and (3). [Dkt 15.] This court further ordered that any response to Curtean's counsel's statement must be filed by March 28, 2005. [*Id.*] Curtean's counsel never filed any statement supporting Curtean's request for attorney's fees, or any other submission to this court.

A review of the docket report in this matter indicates that minimal work was performed by Curtean's counsel, Ernest T. Rossiello, in this case. In fact, it appears that the only work done by Mr. Rossiello was to prepare and file a six-paragraph complaint on January 18, 2005, which was one month prior to his acceptance of Defendants' offer of judgment. The court concludes that one hour for the task of preparing and filing that complaint is a reasonable time allotment for that activity. As mentioned previously, Mr. Rossiello has not provided any information or documents to the court to support a greater amount of time. The next issue is determining a reasonable hourly rate for the one hour of time to be awarded. Courts in this circuit have addressed the hourly rate to be awarded to Mr. Rossiello on numerous occasions. According to this court's research, the most recent case to address the issue was *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702 (7th Cir. 2001). In that case, which was another FLSA case, the Seventh Circuit affirmed an award of attorney's fees to Mr. Rossiello at a rate of $300.00 per hour. *Id.* at 708. Having no other information on which to base Mr. Rossiello's hourly rate, the court will apply an hourly rate of $300.00 to this case, as well.[1]

For the foregoing reasons, this court respectfully recommends that Defendants be ordered to pay $300.00 in attorneys' fees incurred by Curtean (1 hour x hourly rate of $300.00), which shall be

---

[1] In addition, it appears that Curtean may also be entitled to an award of costs. However, the docket report indicates that the District Judge has taken the issue of Curtean's costs under advisement. [*See* dkt 16.] Thus, this report and recommendation does not include consideration of taxable costs.

payable to Curtean's counsel, Ernest T. Rossiello, pursuant to Curtean's agreement with counsel. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

/Geraldine Soat Brown
United States Magistrate Judge

March 29, 2005