

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTA CURTEAN, | ) |
| Plaintiff, | ) No. 05 C 292 |
| v. | ) Suzanne B. Conlon, Judge |
| FEDERAL MORTGAGE, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Marta Curtean sued Federal Mortgage Inc., d/b/a Welcome Home Loans ("WHL"), Stanley Wilcox and Daniel Grillo ("defendants") for violations of the Fair Labor Standards Act ("FLSA"), Illinois Wage Payment and Collection Act and Illinois Minimum Wage Law. On February 23, 2005, this court granted defendants' motion for entry of judgment and referred the issue of reasonable attorney's fees to the magistrate judge for a report and recommendation. Before the court are Curtean's objections to the magistrate judge's report and recommendation and motion for judicial notice.

## BACKGROUND

On January 18, 2005, Curtean filed a six paragraph complaint alleging violations of federal and state overtime laws. According to affidavits filed by: (1) David Grillo, WHL's president; (2) Rodney Klein, WHL's human resources director; and (3) Eric Freeland, defendants' attorney, defendants were not aware of Curtean's overtime claim prior to receiving her complaint. *See* Resp. to Obj. at Exs. A-C. After reviewing the complaint, Grillo immediately contacted Klein and asked him to review Curtean's time and payroll records. *Id.* On January 26, 2005, Klein met with Curtean

1

to review the records and they together determined she was owed approximately $350 in overtime for 21.15 hours of overtime worked in a nine-month period. *Id.* In that meeting, Klein told Curtean that WHL was willing to offer her $750 to settle her claim. *Id.* Curtean responded that her attorney, Ernest T. Rossiello, advised her not to discuss settlement with WHL and that settlement negotiations were to take place only with him. *Id.* On January 27, 2005, Klein, with Curtean present, telephoned Rossiello about settling the claims. Rossiello became belligerent, said he would only discuss settlement with WHL's attorney and slammed down the phone. *Id.* That same day, Freeland sent Rossiello an e-mail informing him that defendants reviewed Curtean's time and payroll records with her and concluded she was owed $355.88 in overtime wages. *Id.* The e-mail states, "It seems silly to me to litigate for $355.88. Please call me and let's resolve this matter quickly." *Id.* at Ex C, Ex. 1.

On January 31, 2005, after receiving no response to the e-mail, Freeland telephoned Rossiello to discuss settlement. *See* Resp. to Obj. at Ex. C. Freeland informed Rossiello that Curtean was entitled to a nominal amount of overtime pay and that WHL would pay her more than twice that amount to settle her claims. *Id.* Rossiello responded that WHL had another problem - while deductions were made from Curtean's compensation for group health insurance premiums, the company failed to pay the premium and Curtean incurred thousands of dollars of medical expenses not covered by insurance. *Id.* Rossiello said he was preparing a class action complaint against WHL. *Id.* After speaking with Rossiello, Freeland spoke to Klein who informed him the company's health insurance had been temporarily cancelled due to a billing dispute. *Id.* at Exs. B-C. The dispute was resolved and WHL's group insurance was reinstated with no break in coverage. *Id.* All claims submitted during the temporary cancellation period were reprocessed. *Id.*

On February 14, 2005, Freeland faxed and mailed Rossiello a letter explaining there was no existing problem with health insurance coverage. *Id.* at Ex. C. In addition, he sent Rossiello a copy of defendants' answer to the complaint and an offer of judgment for $400 in overtime, $400 as liquidated damages, and reasonable attorney's fees and costs. Rossiello accepted the offer of judgment and asserted his attorney's fees and costs were almost $4000. Defendants objected to the fees request. On February 23, 2005, judgment was entered and the attorney's fees dispute was referred to the magistrate judge.

Two days later, the magistrate judge ordered Curtean to file and serve a statement supporting her attorney's fees request. Dkt. No. 15. Curtean did not submit any statement or documentation to the court. Accordingly, the magistrate judge determined the only work performed by Rossiello was the preparation and filing of the six-paragraph complaint one month prior to his acceptance of defendants' offer of judgment. Dkt. No. 17 at 2. The magistrate judge concluded one hour of time was a reasonable allotment for the preparation and filing of the complaint. *Id.* Further, the magistrate judge noted that courts in this circuit have previously addressed the hourly rate to be awarded to Rossiello, most recently in *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 802 (7th Cir. 2001). *Id.* In *Small*, another FLSA case, the Seventh Circuit affirmed an award of attorney's fees to Rossiello at a $300 hourly rate. *Id.* Thus, having no other information on which to base Rossiello's hourly rate, the magistrate judge recommended that defendants be ordered to pay $300.00 in attorney's fees incurred by Curtean. *Id.* at 2-3.

Curtean objects to the magistrate judge's report and recommendation.[1] According to the objections, Rossiello never received a copy of the magistrate judge's February 25, 2005 order setting a briefing schedule. Curtean objects that the magistrate judge's recommendations are an abuse of discretion because the hourly rate imposed is approximately five years old and does not take into account consultations with the client, correspondence and telephone calls with defendants' counsel, overtime wage damage calculations or other services rendered by Rossiello's office.

Curtean asserts Rossiello's current market rate for services is between $500.00 and $530.00 per hour. She requests $525.00 per hour, and moves for judicial notice of a judgment entered April 25, 2005 awarding Rossiello fees at the $525.00 rate. In addition to the original $3918.71 in fees, Curtean seeks recovery for Rossiello's time spent preparing the fee request. In total, Curtean seeks fees of $5795.92, representing 9.24 hours of Rossiello's services at $525 per hour, 1.17 hours of an associate's services at $325 per hour, and 4.82 hours of paralegal services at $120 per hour.

## DISCUSSION

"In reviewing a magistrate judge's report and recommendation, the district court must make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Hegna v. Islamic Republic of Iran*, No. 02 C 8643, 2003 U.S. Dist. LEXIS 25795, *4 (N.D. Ill. Dec. 5, 2003); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id.*

---

[1] To "curtail delay," Curtean moves for attorney's fees to avoid a remand to the magistrate judge.

4

Curtean "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The district court has considerable discretion in calculating attorney's fee awards. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 551 (7th Cir. 1999). The process of determining a proper fee award should begin with a calculation of the lodestar – the number obtained by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley*, 461 U.S. at 433; *Bankston v. State of Illinois*, 60 F.3d 1249, 1255 (7th Cir. 1995). The court may reduce or augment the lodestar based on a variety of factors, the most important of which is the degree of success obtained. *See Hensley*, 461 U.S. at 441; *Spegon*, 175 F.3d at 551.

### A. Number of Hours Expended

In assessing the reasonableness of hours expended, the court determines whether the attorney exercised billing judgment in submitting the fees request. *See Spegon*, 175 F.3d at 552. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended ... counsel ... should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary..." *Id.* (citations and quotations omitted).

Curtean seeks recovery for 9.24 hours of Rossiello's services, 1.17 hours of an associate's services, and 4.82 hours of paralegal services. Defendants strongly object that the requested hours are completely unnecessary because the entire lawsuit could have been avoided if Rossiello notified defendants of Curtean's claim prior to filing suit. Had he done so, defendants assert they would have taken the same action they did in fact take upon receipt of the complaint – review Curtean's time and payroll records and offer the amount owed.

The FLSA does not contain a pre-notification requirement. *See Spegon*, 175 F.3d at 552-53 and n.4. However, in assessing the reasonableness of hours expended, the court may consider whether a paying client would reasonably expect counsel to contact the defendant prior to filing suit to assess the feasibility of a quick settlement that would maximize the client's ultimate net recovery. *Id.* In light of the limited amount of overtime at issue, coupled with the $525 hourly rate Rossiello seeks, it is reasonable to presume a client would expect Rossiello to assess the likelihood of a quick settlement by contacting her employer prior to filing suit. *Id.* at 552. The failure to do so strongly suggests subsequent hours spent on the litigation were unreasonable. Moreover, as in *Spegon*, Curtean does not indicate why Rossiello's claimed hours were reasonably necessary to prove the FLSA violation, particularly when defendants admitted inadvertent failure to pay overtime at the outset of litigation. *See id.* at 552-53. As a result, Curtean asks defendants to pay almost $6000 in fees for an uncontested $400 mistake.

In addition to the unreasonable failure to contact defendants prior to suit, Rossiello's time sheets indicate he expressly advised Curtean not to settle on January 26, 2005. Because defendants offered Curtean $750 on January 26th, and she eventually settled for $800, Curtean gained nothing more than $50 on account of Rossiello's advice. Accordingly, many of the fees incurred subsequent to the 26th are also unreasonable. Further, Rossiello billed almost 2.0 hours to pursue an insurance fraud claim that lacked merit and was not even plead in the complaint. It is not proper billing judgment to charge defendants for those costs. Finally, Rossiello billed 1.84 hours for preparing his objections to the magistrate judge's recommendations. Had Rossiello checked the docket and participated in presenting his fees to the magistrate judge, these objections may not have been necessary. The court concludes the 9.24 hours requested for Rossiello's services should be reduced.

Determining a specific number of reasonable hours is somewhat complicated by the fact that numerous aspects of Rossiello's bills, such as inconsistent dates and potential duplicate entries, raise serious questions regarding the bills' accuracy. However, this case did not require much more of Rossiello than filing the complaint. As it is, the six paragraph complaint was cursory and is apparently frequently used by Rossiello in FLSA litigation.[2] No court appearances were necessary. And, if Rossiello had acted more expeditiously in pursuing settlement, many of the costs would have been avoided. In *Spegon*, the court upheld the district court's reduction of Rossiello's hours from 10.8 to 3.0. Similarly, this court concludes that billing judgment supports only 3.0 hours of recovery. Three hours would have been sufficient for Rossiello to meet with Curtean, assess her claims, and negotiate a settlement. The remaining tasks billed, which primarily consist of letter drafting, could have been assigned to an associate, paralegal, or full-time secretary. *See Spegon*, 175 F.3d at 553. Rossiello's recoverable hours are reduced from 9.24 to 3.00.

Defendants do not explicitly challenge the 4.82 hours spent by Rossiello's paralegal. The time entries reflect the paralegal's assignments were appropriate and the time spent on the tasks appears reasonable. Unlike the paralegal time in *Spegon*, Rossiello's paralegal time was not necessarily spent on tasks that could have been performed by a full-time secretary. For example, the entries demonstrate the paralegal had several telephone conversations with Curtean regarding her concerns and a conversation with defendant Grillo. Accordingly, 4.82 hours of paralegal time is recoverable.

---

[2] In fact, Rossiello filed an essentially identical complaint for another plaintiff less than a month prior to Curtean's complaint. *See Hickey v. Rossi Real Estate Corp.*, No. 04-8330, Dkt. No. 1 (filed December 29, 2004).

The 1.17 hours charged by Rossiello's associate, however, are inappropriate. The associate billed time for a court appearance that was stricken by the court. *See* Dkt. No. 13-1. The appearance was unnecessary and, using billing judgment, is noncompensable.

## B. Reasonable Hourly Rate

The next step in determining the lodestar is to decide a reasonable hourly rate. Reasonable hourly rates are determined by the prevailing market rates in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Bankston*, 60 F.3d at 1256 (7th Cir. 1995). An attorney's actual billing rate is presumptively appropriate to use as the market rate. *See Spegon*, 175 F.3d at 555. However, if the actual rate is indeterminable, the court may look to the next best evidence to determine the rate. *Id.* This includes evidence of rates similarly experienced attorneys in the community charge paying clients for similar work, as well as evidence of fee awards the attorney has received in similar cases. *Id.* Curtean asserts Rossiello's billing rate is $525 per hour. In support she attaches: (1) contracts with two fee-paying clients at the $525 hourly rate; (2) affidavits from three Chicago attorneys of comparable skill attesting Rossiello's rates are in line with current market rates; and (3) evidence that Rossiello was awarded similar rates in other litigation. *See* Objections Exs. C–H.

First, the contracts submitted are not fee contracts between Rossiello and Curtean, but are Rossiello's fee contracts with two individuals unrelated to this litigation. The contracts therefore do not reflect that $525 is the market rate for the services Rossiello rendered to Curtean. Second, the affidavits submitted by other attorneys, which were actually created for other litigation in this district where fees were unchallenged, do not provide evidence of rates charged by similarly

8

experienced attorneys in the community. Indeed, two of the three attesting attorneys do not disclose their billing rates. *See Spegon*, 175 F.3d at 556 (to establish market rate attorney may submit affidavits of similarly experienced attorneys attesting to the rates *they charge* clients for similar work). The third attorney, Stephen Erf, states he charges *employers* in "labor and employment" cases $530 per hour. *See* Erf Aff. at ¶ 6. Hourly rates awarded in non-FLSA cases are not relevant evidence of Rossiello's market rate for FLSA work. *See Spegon*, 175 F.3d at 555 and n.6; *see also Small v. Richard Wolf Med. Instruments*, 264 F.3d 702, 707 (7th Cir. 2001). Courts in this circuit have explicitly noted that FLSA cases are less complex than Title VII and other employment-related civil rights litigation. *See Small*, 264 F.3d at 707. Setting aside the fact that Erf's affidavit pertains to rates charged to employers, as opposed to individual plaintiffs, a rate charged for general "labor and employment" work does not necessarily reflect a market rate for FLSA actions.

Finally, Curtean submits evidence that other judges of this court have awarded Rossiello hourly fees of $475 and $525 for FLSA litigation. Curtean separately moves for judicial notice of the $525 hourly award. Judicial notice is denied because Curtean's evidence is irrelevant. The $475 rate was awarded in a consent judgment where fees were not challenged. *See* Ex. F. The $525 award was based on a default judgment where fees were not challenged. *See* Mot. for Jud. Not. at Ex. B. Neither case established the awarded rates reflect the actual market rates for Rossiello's services.

Rossiello provides no evidence that he has been awarded fees at a $525 rate in an FLSA case where the reasonableness of his rate was challenged. Review of fee awards Rossiello has actually received in similar cases reflects a significantly lower compensable rate. *See e.g., Small*, 264 F.3d at 707-08 (affirming reduction of Rossiello's rate from $425 to $300); *Connolly v. Nat'l Sch. Bus.*

*Serv.*, 177 F.3d 593 (7th Cir. 1999) (affirming reduction of Rossiello's rate from $320 to $285); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999) (affirming reduction of Rossiello's rate from $320 to $280); *Spegon*, 175 F.3d at 555-57 (affirming reduction of Rossiello's rate from $320 to $280). The magistrate judge relied on *Small*, the most recent Seventh Circuit opinion, to award Rossiello fees at the $300 hourly rate. Curtean objects that the $300 rate is inappropriate because it is almost five years old. The court finds this argument has some merit. However, defendants submit three affidavits from attorneys with comparable experience who attest they charge hourly rates of $375, $325 and $275 for labor and employment cases, including FLSA matters. *See* Resp. to Obj. at Exs. G-I. Because defendants submit evidence reflecting a rate as high as $375 may be recoverable, the court concludes Rossiello's recoverable hourly rate should be reduced from $525 to $375. As no objections are made to the paralegal's $120 hourly rate, that rate will not be reduced.

### C. Total

Rossiello's services are recoverable as follows: 3.0 hours x $375 = $1125. The paralegal services are recoverable as follows: 4.82 x $120 = $578.40.

### CONCLUSION

Curetean's objections to the magistrate judge's report and recommendation are sustained in part. Curtean is awarded $1703.40 in attorney's fees. Curtean's motion for judicial notice is denied.

July 13, 2005                                ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge